FORET, Judge.
The plaintiff, State of Louisiana, through the Department of Health and Human Resources (DHHR) has appealed the dismissal of its suit against the defendant, Johnny Cole, Sr. by the granting of an exception of prescription filed by the defendant. The issues presented by DHHR in this appeal are:
(1) Is LSA-C.C. Art. 209 controlling in this suit;
*101 (2) Is the equitable principle of laches applicable in this proceeding; and,
(3) If it is, was laches established in the trial court?
We reverse the judgment of the trial court.
The plaintiff, DHHR, filed suit against the defendant, Johnny Cole, Sr., to establish his paternity of the minor child, Johnny Dubroc. The suit was filed on April 15, 1983 by DHHR pursuant to the authority granted to it in LSA-R.S. 46:236.1(F). That statute says, in pertinent part that:
“F. The department, except when it is not in the best interest of the child, may without the necessity of written assignment, subrogation, tutorship proceedings, separation proceedings, or divorce proceedings, take direct civil action, including actions to establish filiation against an alleged biological parent notwithstanding the existence of a legal presumption that another person is the parent of the child solely for the purpose of fulfilling its responsibility under this Section, in any court of competent jurisdiction, to obtain an order, judgment, or agreement of support against the responsible person in any case in which an AFDC grant has been made for or on behalf of a child or children or in any case in which the department has agreed to provide services for a non-AFDC applicant. ..”[1]
The facts, as alleged by DHHR, are that Johnny Cole, Sr. maintained a sexual relationship with the child’s mother, Annie Du-broc, from 1975 through 1978, and that the child was conceived in 1977. The child was born on January 25, 1978. Annie Dubroc first applied to DHHR for aid on October 3, 1977. DHHR conducted an investigation as to the paternity of the child subsequent to its birth, and at that time the defendant signed a notarized statement denying that he was the father of Johnny Dubroc. No other action was taken by DHHR between 1978 and the filing of this suit in 1983.
In the absence of written reasons for judgment in the record, we cannot make any assumptions as to the trial judge’s reasons for sustaining the defendant’s exception of prescription, but we find that the trial court was clearly wrong in doing so.
We do not feel that the equitable doctrine of laches is applicable to a suit of this nature as our Civil Code clearly provides a prescriptive period for civil proceedings to establish filiation. Therefore, we will not consider the issue of laches in this case.
LSA-C.C. Articles 208 and 209 say:
“Art. 208. Requirement to prove filiation
In order to establish filiation, a child who does not enjoy legitimate filiation or who has not been filiated by the initiative of the parent by legitimation or by acknowledgment under Article 203 must institute a proceeding under Article 209.”
“Art. 209. Proof of filiation
A. A child not entitled to legitimate filiation nor filiated by the initiative of the parent by legitimation or by acknowledgment under Article 203 must prove filiation as to an alleged living parent by a preponderance of the evidence in a civil proceeding instituted by the child or on his behalf within the time limit provided in this Article.
B. A child not entitled to legitimate fili-ation nor filiated by the initiative of the parent by legitimation or by acknowledgment under Article 203 must prove filiation as to an alleged deceased parent by clear and convincing evidence in a civil proceeding instituted by the child or on his behalf within the time limit provided in this Article.
C. The proceeding required by this Article must be brought within one year of the death of the alleged parent or within nineteen years of the child’s birth, whichever first occurs. This time limitation shall run against all persons, including minors and interdicts. If the proceeding is not timely institut *102 ed, the child may not thereafter establish his filiation.
D. The right to bring this proceeding is heritable.”
(Emphasis added.)
We are of the opinion that these provisions of our Civil Code govern all civil proceedings instituted to establish filiation by or on behalf of a child. No exception is made for a filiation action instituted by DHHR, and nowhere can we find some other law applicable to the issue before us. It would be an anomalous situation to allow a plea of prescription against DHHR, while the child or anyone else on his behalf could still proceed with another suit to establish filiation. Prescription serves to bar the assertion of some right in our courts and, in this type of proceeding, a child or someone on his behalf has nineteen years from the child’s birth or one year from the date of the alleged parent’s death, whichever occurs first, within which to institute this proceeding. It is our understanding from the record that the child is now six years old, and his alleged parent, Johnny Cole, Sr., has not died; therefore, this action has not prescribed.
Accordingly, the judgment of the trial court sustaining defendant’s exception of prescription is hereby reversed, and this case is remanded for proceedings in accordance with the reasons expressed herein.
All costs of this appeal are assessed against defendant.
REVERSED AND REMANDED.

. “AFDC” is defined as aid to families with dependent children. LSA-R.S. 46:236.1(A)(2).